UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID GIBSON,

                  Plaintiff,

-against-

WARDEN "JANE DOE," ERIC M. TAYLOR
CENTER, RIKERS ISLAND, *et. al.*,

                  Defendants.

23-CV-9474 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is detained on Rikers Island, filed this action *pro se*. On March 1, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). (ECF 6.) On July 8, 2024, the Court directed Plaintiff to show cause why the March 1, 2024 order should not be revoked, following the Court's determination that Plaintiff may be barred from filing actions IFP under the IFP statute's three-strikes provision, 28 U.S.C. § 1915(g). (ECF 7.) Upon closer inspection of Plaintiff's filing, the Court has determined that, at the time Plaintiff filed this action, he was not a "prisoner,"[1] within the meaning of Section 1915(g), and consequently, the three-strikes provision does not apply in this case.[2]

---

[1] The IFP statute defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

[2] Section 1915(g) states that "[i]n no event shall a prisoner *bring* a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added). The three potential strikes the Court identified, *see Gibson v. Chason*, No. 23-CV-5050 (PKC) (LB) (E.D.N.Y. July 18, 2023) ("*Gibson I*"); *Gibson v. St. Elizabeth Med. Center Hosp. Exec. Dir.*, No. 22-CV-0270 (GTS) (ATB) (N.D.N.Y. Dec. 27, 2022) ("*Gibson II*"), *appeal denied*, 2023 WL 3295843 (2d Cir. 2023) ("*Gibson III*"), do not appear to be strikes. In

Accordingly, the Court vacates the July 8, 2024 order directing Plaintiff to show cause why his IFP status should not be revoked (ECF 7). The Court directs the Clerk of Court to vacate that order. Plaintiff may proceed IFP in this case. In due course, the action will be reviewed under the IFP statute's screening provision, 28 U.S.C. § 1915(e)(2)(B).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to send this order to Plaintiff's new Rikers Island address, reflected on the docket sheet, and to: 4081 Deremier Avenue Bronx, NY 10466.

SO ORDERED.

Dated:   May 1, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN

---

*Gibson I*, the Eastern District of New York dismissed the action for failure to state a claim and because Gibson named defendants who were immune from liability. This dismissal does not count as a strike because it is a "mixed dismissal." In *Esclaera v. Samaritan Vill.*, 938 F.3d 380, 381 (2d Cir. 2019) (per curiam), the United States Court of Appeals for the Second Circuit held that actions dismissed for both Section 1915(g) and non-Section 1915(g) grounds, commonly referred to as "mixed dismissals," *id.* at 381-82, are not strikes. Therefore, *Gibson I* is not a strike. In *Gibson II*, the Northern District of New York declined to exercise supplemental jurisdiction of state law claims, following its dismissal of the federal claims for failure to state a claim, a strike ground. *Gibson II* does not appear to be a strike because "every circuit court to consider this issue has held that a *pro se* plaintiff does not get a strike when a district court dismisses her federal claims on § 1915(g) grounds but declines to exercise supplemental jurisdiction over her state claims." *Cano v. City of New York*, No. 23-CV-3733 (AS), 2023 WL 5580711, at *2 (S.D.N.Y. Aug. 29, 2023). As for *Gibson III*, where the Court of Appeals affirmed *Gibson II*, this affirmance does not appear to be a strike because the Court of Appeals did not *dismiss* the appeal. *See Collazo v. Pagano*, 656 F.3d 131, 135 n.4 (2d Cir. 2011) (per curiam) (leaving open whether a "summary affirmance of a district court's dismissal of a complaint for failure to state a claim counts as a separate 'strike'"); *Wallace v. All Pers. Liab. Carriers-Underwriters of Land*, No. 22-CV-8022 (LTS), 2023 WL 6283072, at *4 (S.D.N.Y. Sept. 25, 2023) (noting that "[o]ther courts of appeals have held that summary affirmances of dismissals do not count as strikes, based on the plain meaning of Section 1915(g)").

_____<br>Chief United States District Judge

3